OF COUNSEL:
DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| STANLEY E. LEVIN | 1152-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |
| ANNE L. WILLIAMS | 1662-0 |
| SUSAN K. DORSEY | 7431-0 |

851 Fort Street Mall, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802

KEITH H.S. PECK         6825-0
PECK & ASSOCIATES
3360 Kamaaina Place
Honolulu, Hawaii 96817
Telephone: (808) 537-4003
Fax: (808) 537-3110

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK H. and RIE H., Individually and as Guardians Ad Litem of MICHELLE H. and NATALIE H., minors,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII<br><br>Defendants. | CIVIL NO. CV 00-00282 MLR (Other Civil Action)<br><br>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

2

**FIRST AMENDED COMPLAINT**

COME NOW, Mark H. and Rie H. and on behalf of themselves and their two minor children, Natalie H. and Michelle H., allege as follows:

## I.    INTRODUCTION

1. This action is brought by Plaintiffs Mark H. and Rie H. on behalf of themselves and their two minor children, Natalie H. and Michelle H., ("Plaintiffs").

2. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), prohibits exclusion from participation in, denial of the benefits of, or discrimination against people with disabilities, in any program or activity receiving Federal financial assistance.  The claims set forth herein are brought pursuant to Section 504 and its implementing regulations, 34 C.F.R. §§ 104.4 and 104.33, each of which authoritatively construes Section 504.

3. Section 504 provides a cause of action for money damages and other relief, where an entity operating a program or activity receiving Federal financial assistance, acting with deliberate indifference, discriminates against a person with a disability, and/or fails to provide or otherwise prohibits reasonable accommodation and/or meaningful access to such program of activity. Section 504 applies to all public schools that receive Federal financial assistance, as 29 U.S.C.

§ 794(b)(2)(B) defines "program or activity" to include the operations of "local educational agenc[ies]".

4. Defendants, the DEPARTMENT OF EDUCATION, STATE OF HAWAI'I ("DOE") and PATRICIA HAMAMOTO (collectively, "Defendants"), acting with deliberate indifference through one or more of its officials, administrators, agents and/or employees, discriminated against Natalie H. and Michelle H., and failed to provide to them either reasonable accommodation or meaningful access to public education in Hawaii, as set out more fully below.

## II.  JURISDICTION

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 which afford original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"). Venue is appropriate in this court because Plaintiffs and Defendant reside in the State of Hawaii, and all events giving rise to this claim occurred in the State of Hawaii.

6. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201-02.

7. Plaintiffs have fulfilled their obligation to exhaust administrative remedies, if any.

## III.  PARTIES

8. Plaintiffs Mark H. and Rie H. are residents of the City and County of Honolulu in the State of Hawaii. They are the natural parents of their two minor children, Natalie H. ("Natalie," born August 3, 1992) and Michelle H. ("Michele," born February 15, 1991). Natalie and Michele have at all relevant times been diagnosed with specific disabilities and certified for special education in the State of Hawaii, and at all relevant times have been entitled to a meaningful access and reasonable accommodations under Federal and State law, including Section 504.

9. Defendant DOE is the state educational agency responsible for providing public education in Hawaii. The DOE receives federal funds for its education programs. Under the Rehabilitation Act, respondeat superior liability applies to Plaintiffs' claims, therefore, Defendants are liable for the vicarious acts of DOE employees, including but not limited to Elsie Tanaka, Judith Saranchock, Peter Chun and Haroldeen Wakida. At all relevant times, Defendants were legally responsible for assuring that Natalie and Michelle were not subjected to discrimination, that they received reasonable accommodations for their educational disabilities, and that they had meaningful access to public education. Defendants are being sued for violations of Section 504 and its implementing regulations, 34 C.F.R. §§ 104.4 and 104.33, each of which authoritatively construes Section 504.

IV. **FACTS**

10. At all relevant times, DOE has accepted millions of dollars annually in federal funding for use in providing special education in the State of Hawaii.

11. In agreeing to accept millions of dollars annually (including without limitation during the years 1994 through 1999) in federal funding for use in providing education, including special education programs and services and mental health services in the State of Hawaii, DOE committed to provide every eligible special education student in Hawaii, including Natalie and Michele, with meaningful access and reasonable accommodation.

12. In agreeing to accept millions of dollars annually (including without limitation during the years 1994 through 1999) in federal funding for use in providing special education in the State of Hawaii, DOE committed to provide every eligible special education student in Hawaii, including Natalie and Michele, with reasonable accommodations for their educational disabilities and meaningful access to education, and to assure that each such student was not subjected to discrimination.

13. In October of 1994, a Consent Decree was entered in a lawsuit brought in United States District Court for the District of Hawaii, *Felix v. Waihee, et al.*, Civil No. 93-00367DAE, under which DOE committed to work in conjunction with the Department of Health of the State of Hawaii ("DOH") to

provide a full array of mental health services to special education students, including children with autism spectrum disorders.

14.  At all relevant times, DOE knew or should have known that mental health services or comparable services were necessary and available for use with children with autism spectrum disorders.

15.  Beginning in early 1994 for Michele and early 1995 for Natalie, and continuing during all relevant times, the DOE knew Michele and Natalie to be children with autism spectrum disorders, including developmental delays and social and emotional impairments.

16.  Beginning no later than 1994, and continuing during all relevant times, both Natalie and Michelle were known to DOE to have neurological impairments, including social and emotional impairments which substantially limited their major life activities, including learning and caring for themselves.

17.  At all relevant times, Michelle and Natalie were and were known to DOE to be individuals with a disability within the meaning of Section 504.

18.  At the time of their diagnoses with autism spectrum disorders in 1994, Natalie and Michele were non-verbal with extremely limited social skills, and were known by DOE to require and to be entitled to receive intensive early intervention programs, comprised of many hours per week of work with specialized skills trainers using autism specific programs.

19. At all relevant times, Defendants knew that autism specific programs were available for use with children with autism spectrum disorders.

20. At the time of her initial certification as eligible for special education in 1994, Natalie was two years old and was placed in the State of Hawaii, DOH's Zero to Three Program.

21. At the time of her initial certification as eligible for special education in 1994, Natalie was capable of learning, including but not limited to the development of effective speech and communications skills, through autism specific programs which were then available.

22. No educational programs designed to meet her individual educational needs were offered to Natalie until 1998, when she began receiving part-time at-home autism specific programs through DOH. Natalie did not begin to receive in-school autism specific programs until approximately December 11, 1999.

23. At the time of her initial certification as eligible for special education in 1994, Michelle was near the age of three and was placed in a fully self-contained special education class at Kipapa Elementary School.

24. During the period of 1994 through 1999, Michele actually regressed in almost all areas of functioning -- including cognitive, adaptive and communicative functioning -- and also developed behaviors that interfered with learning and functioning.

8

25. At the time of her initial certification as eligible for special education in 1994, Michelle was capable of learning, including but not limited to the development of effective speech and communications skills, through autism specific programs which were then available.

26. No autism specific programs were offered or provided to Michelle until 1999, when she began receiving part-time at-home autism specific programs through the DOH. Michelle did not begin receiving in-school autism specific programs until approximately December 11, 1999.

27. During the years 1994 through 1999, annual meetings were held for the purpose of designing appropriate educational programs for Natalie and Michele. Federal and State law required that program design be accomplished through a structured process that involved the development of written IEPs for Natalie and Michele for their upcoming school years. During the years 1994 through 1999, DOE failed to design appropriate educational programs for Natalie and Michele.

28. From 1994 through 1999, DOE failed to identify properly Natalie and Michele's educational and related mental health needs.

29. From 1994 through 1999, Natalie and Michele were subjected to discrimination, denied meaningful access to education, and denied reasonable

accommodations for their educational disabilities in ways that included the following:

  a. Defendants failed to provide Natalie and Michele with appropriately certified and trained special education teachers and aides, including teachers and aides trained in providing appropriate educational programs to meet their individual educational needs, despite the fact that DOE knew Natalie and Michele required and were entitled to such teachers and aides in order to have meaningful access to education and reasonable accommodation for their educational disabilities.

  b. Defendants failed to provide Natalie and Michele with appropriate speech therapy or other training with respect to communication skills, despite the fact that DOE knew that Natalie and Michele required and were entitled to such services in order to have meaningful access to education and reasonable accommodation for their educational disabilities.

  c. Defendants failed to provide Natalie and Michele with the autism specific services, despite the fact that DOE knew that Natalie and Michele needed and were entitled to appropriate educational programs to meet their individual educational needs in order to accommodate reasonably their educational disabilities and allow them to enjoy meaningful access to education.

      d.    Defendants placed Natalie and Michele in segregated classrooms with only other disabled children as their classmates, despite the fact that DOE knew that Natalie and Michele would benefit from some degree of mainstreaming and that they were entitled to be educated in the regular educational environment with the use of supplementary aids and services.

      e.    Defendants failed to design or implement for Natalie or Michele an educational program that allowed either girl to make any meaningful educational progress, as that term is defined by Section 504.

      f.    Defendants failed to perform evaluations of Natalie and Michele necessary to provide Natalie and Michele's parents and DOE with the information required to design and implement appropriate educational programs for the girls.

      g.    Defendants failed to take timely and appropriate measures to prevent Natalie and Michele from developing negative attitudes and behaviors that interfered with their abilities to learn.

      h.    Defendants failed to design or implement for Natalie or Michele educational programs that addressed appropriately the negative attitudes and behaviors that Natalie and Michele developed as a result of DOE's discrimination and its denial of meaningful access and reasonable accommodation, as aforesaid.

   i. Defendants neither offered nor provided Natalie and Michele with any mental health services, despite the fact that DOE knew that Natalie and Michele required and were entitled to receive such services in order to have meaningful access to education and reasonable accommodation for their educational disabilities.

   j. Defendants failed to offer or provide Mark H. and Rie H. with parent training and support, despite the fact that DOE knew that such parent training and support was a necessary component to appropriate educational programs for Natalie and Michele.

   k. Defendants failed to have an expert on educating children with autism or autism spectrum disorders attend any of Natalie or Michele's IEP meetings or otherwise provide information or consultation to Mark H. and Rie H.

   l. Defendants failed to offer or provide any individual or family therapy, despite the fact that DOE knew that such therapy was a necessary component to appropriate educational programs for Natalie and Michele.

 30. On or about December 16, 1999, Mark H. and Rie H. filed a request for an administrative hearing, alleging that Natalie and Michele had been denied their rights as required by federal and state law.

 31. An administrative hearing was held in January of 2000. At the conclusion of the evidentiary hearing, on January 31, 2000, the Hearing Officer

12

entered her decision, ruling, *inter alia*, that DOE had denied Natalie and Michele educational programs designed to meet their individual educational needs for the period of 1994 through 1999.

32. DOE did not appeal the administrative hearing decision.

33. Section 504 prohibits DOE from excluding Natalie and Michele from the participation in, denying Natalie and Michele the benefits of, or subjecting Natalie and Michele to discrimination in public education. For the reasons set forth above, DOE violated Section 504 and the regulations authoritatively construing section 504, and acted with deliberate indifference, by failing to provide or otherwise prohibiting meaningful access for Natalie and Michele to public education, without limitation.

34. By failing to provide or attempt to provide Natalie and Michelle with an education in the regular educational environment with the use of supplementary aids and services and baselessly segregating Natalie and Michele in self-contained classrooms from 1994 through 1999, DOE knowingly, deliberately and wrongfully discriminated against them in violation of Section 504.

35. During the period 1994 through 1999, DOE knowingly, deliberately and repeatedly failed to provide Natalie and Michele with educational programs and related aids and services that were designed to meet their individual education needs as adequately as the needs of non-disabled students of the Department of

Education, in violation of Section 504; 34 C.F.R. §§ 104.4 and 104.33, each of which authoritatively construes the statute.

36. During the period 1994 through 1999, DOE knowingly, deliberately and repeatedly failed to determine the educational and related services necessary to meet appropriately Natalie and Michele's individual needs, including any good faith exploration of possible accommodations needed to provide them with meaningful access to public education.

37. During the period 1994 through 1999, DOE knowingly, deliberately and repeatedly failed to assure that the programs and/or services provided to Natalie and Michele resulted in significant learning and conferred a meaningful benefit.

38. During the period 1994 through 1999, the reasonable accommodations necessary to provide Natalie and Michele with meaningful access to education were available through DOE and DOH, but were never offered or provided to Natalie or Michele.

39. During the years at issue here, Michelle and Natalie were wrongfully and deliberately excluded from and denied all access to related services through DOH, including social skills trainers, parental training, and psychological therapy.

40.    Numerous DOE administrators, officials and employees had the authority and the responsibility to rectify the Defendants' failures, as set forth above, but wrongfully failed to take appropriate corrective actions.

41.    At all relevant times, Defendants had knowledge that it was substantially likely that its acts and failures to act, as set forth in the preceding paragraphs of this Complaint, would harm Natalie and Michele's federally protected rights to be free from discrimination, and to have meaningful access to education and reasonable accommodation with respect to their educational disabilities. Despite this knowledge, DOE failed to act upon that likelihood, thereby causing severe and permanent injury to Natalie and Michele.

42.    DOE's deliberate indifference to Natalie and Michele's federally protected rights, as aforesaid, resulted in discrimination against Natalie and Michele and denied Natalie and Michele reasonable accommodation for their educational disabilities and meaningful access to public education in Hawaii, thereby entitling Plaintiffs to recover special and general damages from DOE under Section 504 of the Rehabilitation Act in amounts to be shown at trial.

43.    DOE's deliberate indifference in violating Plaintiffs' rights under section 504, as aforesaid, was a substantial factor in causing Michelle and Natalie to suffer irreversible personal injury and harm, including profound and irreparable injury to their cognitive, adaptive and communicative functioning. As the result of

DOE's wrongful conduct, Natalie and Michelle will require 24 hour-per-day care for the remainder of their lives, and they and their parents will be deprived of the familial relationship they otherwise would have enjoyed.

WHEREFORE, Plaintiffs pray that this court:

1. Assume jurisdiction over this case;

2. Enter judgment in favor of Plaintiffs and against DOE in an amount of special and general damages to be proven at trial;

3. Enter an award of the fees and costs incurred in prosecuting this case; and

4. Enter such other equitable and legal relief that is warranted and just.

DATED:  Honolulu, Hawaii, June 2, 2008.

/S/ STANLEY E. LEVIN
_____
STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SUSAN K. DORSEY
KEITH H.S. PECK

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK H. and RIE H., Individually and as Guardians Ad Litem of MICHELLE H. and NATALIE H., minors,<br><br>             Plaintiffs,<br>  vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII<br><br>             Defendants. | CIVIL NO. CV 00-00282 MLR<br>(Other Civil Action)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby continue their demand for trial by jury on all issues so triable in this matter.

DATED: Honolulu, Hawaii, June 2, 2008.

/S/ STANLEY E. LEVIN

_____

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
SUSAN K. DORSEY
KEITH H.S. PECK

Attorneys for Plaintiffs

17

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK H. and RIE H., Individually and as Guardians Ad Litem of MICHELLE H. and NATALIE H., minors,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendants. | CIVIL NO. CV 00-00282 MLR<br>(Other Civil Action)<br><br>SUMMONS |

## SUMMONS

TO THE DEFENDANTS:

      YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' counsel, Stanley E. Levin, Michael K. Livingston, Anne L. Williams and Susan K. Dorsey of DAVIS LEVIN LIVINGSTON, whose address is: 851 Fort Street, Suite 400, Honolulu, Hawaii 96813 and KEITH H.S. PECK of PECK & ASSOCIATES, whose address is: 3360 Kamaaina Place, Honolulu, Hawaii 96817, an answer to the First Amended Complaint which is attached. This action must be

taken within twenty days after service of this summons upon you exclusive of the date of service.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

DATED: Honolulu, Hawaii, _____.

_____
CLERK OF THE ABOVE-ENTITLED COURT

MARK H. et al v. PATRICIA HAMAMOTO, et al., Civ No. CV00-00282 MLR; SUMMONS