401553.3

MARK J. BENNETT         #2672-0
Attorney General of Hawai`i
GEORGE S.S. HOM         #2487-0
HOLLY T. SHIKADA        #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawai`i
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Holly.T.Shikada@hawaii.gov

**WATANABE ING & KOMEIJI LLP**
A Limited Liability Law Partnership

JOHN T. KOMEIJI       #2498-0
GREGG M. USHIRODA     #5868-0
GARY S. SUGANUMA      #6960-0
LEIGHTON M. HARA      #7826-0
ROSS T. SHINYAMA      #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MARK H. and RIE H., Individually and as Guardians Ad Litem of MICHELLE H. and NATALIE H., minors, <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, | CIVIL NO. CV 00-00282 MLR (Other Civil Action) <br><br> **DEFENDANTS DEPARTMENT OF EDUCATION AND PATRICIA HAMAMOTO'S ANSWER TO FIRST AMENDED COMPLAINT FILED JUNE 2, 2008** |

STATE OF HAWAII;              )   TRIAL: March 16, 2009
                              )
         Defendants.          )
                              )
_____)

### DEFENDANTS DEPARTMENT OF EDUCATION AND PATRICIA HAMAMOTO'S ANSWER TO FIRST AMENDED COMPLAINT, FILED JUNE 2, 2008

Defendants PATRICIA HAMAMOTO and DEPARTMENT OF EDUCATION, STATE OF HAWAII (collectively, "Defendants"), by and through its attorneys, WATANABE ING & KOMEIJI LLP, hereby submit its Answer to Plaintiffs' First Amended Complaint, filed on June 2, 2008, and answers as follows:

#### FIRST DEFENSE

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

#### SECOND DEFENSE

2. The allegations contained in Paragraphs 20, 23 and 32 of the First Amended Complaint are admitted.

3. The allegations contained in Paragraphs 4, 7, 15, 22, 26, 28, 29, 29a, 29b, 29c, 29d, 29e, 29f, 29g, 29h, 29i, 29j, 29k, 29l, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43 of the First Amended Complaint, including all subparts, are denied.

4. The allegations contained in Paragraphs 1, 8, 14, 16, 18, 19, 21, 24 and 25 of the First Amended Complaint are neither admitted nor denied, since there is presently insufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

5. In answer to Paragraphs 2, 3, 17 and 33 of the First Amended Complaint, Defendants state that the laws speak for themselves, but denies any violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), and its implementing regulations, 34 C.F.R. §§ 104.4 and 104.34, and on that basis Defendants deny the allegations in said paragraphs and leave Plaintiffs to their proof.

6. In answer to Paragraph 5 of the First Amended Complaint, Defendants state that 28 U.S.C. §§ 1331 and 1343 speak for themselves, and further asserts that it is without knowledge or information sufficient to form a belief as to the truth thereof with respect to Plaintiffs' residency, and on that basis Defendants deny the allegations in said paragraph and leave Plaintiffs to their proof.

7. In answer to Paragraph 6 of the First Amended Complaint, Defendants state that 28 U.S.C. §§ 2201 and 2202 speak for themselves and on that basis deny the allegations in said paragraph and leave Plaintiffs to their proof.

8. In answer to Paragraph 9 of the First Amended Complaint, Defendants admit that the Department of Education ("DOE") is the state educational agency responsible for providing public education in Hawaii, and that the DOE receives federal funds for its educational programs, but states that the Rehabilitation Act speaks for itself, and on that basis

Defendants deny the remaining allegations in said paragraph and leave Plaintiffs to their proof.

    9. In answer to Paragraph 10 of the First Amended Complaint, Defendants admit to receiving federal funds, some, but not all, of which is used to provide special education in the State of Hawaii, but state that the remaining allegations in said paragraph are neither admitted nor denied, since there is presently insufficient knowledge or information to form a belief as to the truth or falsity of those allegations

    10. In answer to Paragraphs 11 and 12 of the First Amended Complaint, Defendants admit to receiving federal funds, and further admit that as a recipient of federal funds Defendants agreed that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Defendants deny the remaining allegations in said paragraph.

    11. In answer to Paragraph 13 of the First Amended Complaint, Defendants state that the Consent Decree entered into in <u>Felix v. Waihee, et al.</u>, Civ. No. 93-00367 (DAE) speaks for itself, and further denies that the Felix Consent Decree has any relevance to the instant action, and on that basis Defendants deny the allegations in said paragraph.

12. In answer to Paragraph 27 of the First Amended Complaint, Defendants admit that from 1994 through 1999 annual meetings were held for the purpose of designing appropriate educational programs for Michelle and Natalie, but denies that the process utilized to design Michelle's and Natalie's educational program was defective, and further states that the federal and state laws referenced therein speak for themselves, and on that basis Defendants deny the remaining allegations in said paragraph and leave Plaintiffs to their proof.

13. In answer to Paragraph 30 of the First Amended Complaint, Defendants state that December 16, 1999 Request for an Administrative Hearing speaks for itself, and on that basis Defendants deny the allegations in said paragraph.

14. In answer to Paragraph 31 of the First Amended Complaint, Defendants admit that an administrative hearing was held sometime in January of 2000, but states that the transcript of th proceeding referenced therein speaks for itself, and on that basis Defendants deny the allegations in said paragraph.

15. Any allegations contained in the First Amended Complaint not specifically addressed in this Answer are hereby denied.

### THIRD DEFENSE

16. Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

FOURTH DEFENSE

17. Plaintiffs' claims are barred by lack of standing.

FIFTH DEFENSE

18. Plaintiffs' claims are barred by the failure to mitigate damages.

SIXTH DEFENSE

19. Some or all of Plaintiffs' claims are barred by release, waiver, laches, or estoppel.

SEVENTH DEFENSE

20. The First Amended Complaint is barred by lack of personal and subject matter jurisdiction.

EIGHT DEFENSE

21. The First Amended Complaint is barred by the doctrines of sovereign immunity, Eleventh Amendment immunity and official and qualified immunity.

NINTH DEFENSE

22. Some or all of Plaintiffs' claims are barred by issue preclusion and/or claim preclusion.

TENTH DEFENSE

23. Plaintiffs are barred from maintaining this action against the State by reason of their own wrongful conduct which was the legal cause of the damages alleged in the First Amended Complaint.

ELEVENTH DEFENSE

24. The rights and remedies of Plaintiffs are restricted by agreement.

### TWELFTH DEFENSE

25. To the extent that injunctive and declaratory relief might be sought, such relief should be withheld as a matter of the Court's sound exercise of discretion.

### THIRTEENTH DEFENSE

26. Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

### FOURTEENTH DEFENSE

27. Based on the allegations in the First Amended Complaint, Defendants cannot formulate all of its defenses at this time, but reserves the right to amend its answer to include additional affirmative defenses if an when discovery justifies the same.

DATED: Honolulu, Hawaii, June 23, 2008.

/s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
GARY S. SUGANUMA
LEIGHTON M. HARA
ROSS T. SHINYAMA

MARK J. BENNETT
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants