FILE COPY

```
 1              IN THE UNITED STATES DISTRICT COURT
 2                   FOR THE DISTRICT OF HAWAII
 3
 4   STEVEN L. and LaVERNE L.,        )
     individually, and as Guardians   )
 5   of the Person, AARON L., an      )
     incompetent adult,               )
 6                                    )
                  Plaintiffs,         )
 7                                    )
              vs.                     ) No. CV00-00338 MLR-LEK
 8                                    )
     PAUL LeMAHIEU, in his official   )
 9   capacity as Superintendent of    )
     the Hawaii Public Schools;       )
10   WILLIAM C. RYNE, in his          )
     capacity as former Principal     )
11   of Molokai High and              )
     Intermediate School; SARAH       )
12   KALANI, in her capacity as       )
     Former Principal of Molokai      )
13   High and Intermediate School;    )
     LINDA PULELOA, in her official   )
14   capacity as Principal of         )
     Molokai High and Intermediate    )
15   School; and DEPARTMENT OF        )
     EDUCATION, STATE OF HAWAII,      )
16                                    )
                  Defendants.         )
17   _____)
18
           DEPOSITION OF BARBARA BATEMAN, Ph.D., J.D.
19
                      MILLBRAE, CALIFORNIA
20
                         JUNE 6, 2008
21
     ATKINSON-BAKER, INC.
22   COURT REPORTERS
     (800) 288-3376
23   www.depo.com
24   REPORTED BY:  JANE H. STULLER, CSR No. 7223, RPR
25   FILE NO.:  A20466D
```

CERTIFIED COPY

EXHIBIT F

1

```
 1         MR. LEVIN:  Objection; calls for speculation.
 2         THE WITNESS:  I would rather phrase that as the
 3  failure of DOE to properly recruit people to go there.
 4  BY MR. USHIRODA:
 5      Q.  Okay.  Do you know if the DOE made any efforts
 6  to recruit teachers -- qualified teachers to go to
 7  Molokai?
 8      A.  I don't have any specific knowledge of efforts
 9  that were made except that they were, by and large, not
10  successful, whatever they may have been or not.
11      Q.  As part of your assignment on this case, were
12  you asked to look into efforts made by the DOE to
13  recruit qualified teachers -- special education teachers
14  to go to Molokai?
15      A.  No.
16      Q.  Is lack of funding one of the factors that had
17  contributed to the difficulty in getting qualified
18  special education teachers to Molokai?
19         MR. LEVIN:  Objection; relevance, and calls for
20  speculation.
21         THE WITNESS:  Lack of funding is not a legal
22  defense for a failure to provide FAPE.  So yes, I
23  believe that that is what most administrators in Hawaii
24  agencies would say was a part of the cause.
25  BY MR. USHIRODA:
```

1  goals.  And if one wanted to infer from that -- trying
2  to give the benefit of the doubt to the IEP, if you
3  wanted to imagine that the IEP had been properly
4  written, then the fact that he didn't meet the goals
5  would be evidence of lack of progress.
6       Q.  Okay.
7       A.  And then it goes on to say, however, it
8  couldn't do that.
9       Q.  Right.
10      A.  Okay.
11      Q.  Doctor, are you going to render an opinion on
12 whether the defendants alleged -- well, the defendants
13 alleged failure to provide speech and behavior services
14 to Aaron constituted deliberate indifference?
15      A.  If I'm asked, I will render that opinion.
16      Q.  Okay.  And sitting here today, do you have such
17 an opinion?
18      A.  Yes, I do.  They knew they weren't providing
19 the services, and they continued to not provide, to me
20 that's indifferent and deliberate and knowing.
21          MR. LEVIN:  Thank you.
22          MR. USHIRODA:  Do you have an objection?
23          MR. LEVIN:  No.
24          MR. USHIRODA:  Okay.
25      Q.  I'm sorry.  Doctor, were you going to say some

218

# REPORTER'S CERTIFICATE

I, JANE H. STULLER, CSR No. 7223, Certified Shorthand Reporter, certify;

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me:

That the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed; that the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney or of any of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated this 6th day of June, 2008.

*[signature]*

JANE H. STULLER, CSR NO. 7223