FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

PATRICIA N. and GUY N, )
individually, and as Guardian )
Ad Litem of AMBER N., a minor, )
 )
        Plaintiffs, )
 )
   vs. ) No. CV00-00252 MLR-LEK
 )
PAUL LeMAHIEU, in his official )
capacity as Supertentent of )
the Hawaii Public Schools; )
BETH SCHIMMELFENNIG, in her )
official capacity as an )
Education Specialist; )
PHYLLIS IDA, in her official )
capacity as an employee of the )
Department of Education, State )
Of Hawaii; and DEPARTMENT OF )
EDUCATION, State of Hawaii, )
 )
        Defendants. )
_____ )

CERTIFIED COPY

DEPOSITION OF BARBARA BATEMAN, Ph.D., J.D.,
MILLBRAE, CALIFORNIA
JUNE 7, 2008


ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

EXHIBIT K

REPORTED BY:  JANE H. STULLER, CSR No. 7223, RPR
FILE NO.:  A20466E

1

```
 1            MR. USHIRODA:  Let's go back on the record.
 2       Q.   Doctor, you've had a chance to review Exhibit 5
 3   a little bit more.
 4            And my question was:  Whether there were any
 5   other modifications or changes you need to make to the
 6   opinion expressed in this document?
 7       A.   I would only request, I guess, that I be
 8   granted, if challenged on some of this that it did
 9   accurately reflect as things were January 16th, '01.
10       Q.   Yes.  I understand that you prepared this
11   report -- well, it's my understanding that you prepared
12   this report, which is Exhibit 5, based on your
13   understanding of the law as it existed on June --
14   January 2001; is that correct?
15       A.   That is correct.
16       Q.   Okay.  My -- my question was:  In light of
17   that, if there is any further modifications you need to
18   make -- because I remember when we started today, you
19   said, oh, I need to make a correction to Item No. 7.
20       A.   Remedies have been evolving so rapidly that at
21   this point in time, I have nothing else to say about
22   that.
23       Q.   Are punitive damages still available under 504?
24       A.   I would have to look at case law that I haven't
25   seen yet.  I would have to look at the most recent case
```

1    law before I would say that.

2        Q.  Okay.  Now, let's stick with Exhibit 5 for a

3    moment, Doctor.  And if you could look at your answer to

4    question No. 4, which is on page 3.

5            I'll read the question to you -- I don't know

6    if it's a question, but it was -- pertains to autism and

7    discreet trial training, teaching, otherwise referred to

8    as DTT.

9            Now, could you take a look at your answer to

10   that Item No. 4 and read that.

11           (Witness examining document.)

12       Q.  And you can just let me know when you are done.

13       A.  I'm done.

14       Q.  Okay.  What is the Autism Society of America,

15   Doctor?

16       A.  It's -- I believe they're called sometimes

17   umbrella organizations in which organizations related to

18   autism some years ago coalesced in some kind of way

19   under the this broad umbrella.  It's, I believe, the

20   largest of all of the national associations that deal

21   with autism.

22           Their conference, their annual conference is, I

23   think, generally considered the No. 1 one to be sure you

24   get to if you're limited in the number of conferences

25   that you can to.

1  A. Yes.

2  Q. Okay. Now, why don't we take a look at your

3  response to Item No. 8 in Exhibit 4. And it's a rather

4  long one since you have a lot of citations. I don't

5  know if you reviewed it. But if you could take a moment

6  to look at it and I'll ask you some questions about it.

7  (Witness examining document.)

8  A. Okay. I've scanned it.

9  Q. Okay. I just wanted to direct your attention

10 to page 6, at the very bottom which starts -- after your

11 citations. It says -- where it starts "violations of

12 IDEA." Do you see that?

13 A. Uh-huh.

14 Q. Yes?

15 A. Yes.

16 Q. It says "violations of IDEA, because of

17 deliberate indifference, may be compensable under

18 Section 504." Do you see that?

19 A. Yes.

20 Q. Is that your understanding presently?

21 A. Oh, dear. If the action also violated 504,

22 yes.

23 Q. Okay. Now, the second -- the sentence

24 following that, it says "the Third Circuit has held that

25 under Section 504, discrimination need not be

1  intentional in order to be compensable." And you cite
2  the WB versus Matula case.
3       A.  Yes.
4       Q.  Is that -- does that still hold true?
5       A.  I already responded to that.  I would have to
6  look at more recent case law to evaluate that statement
7  or to know what my present opinion is.
8       Q.  Do you have any understanding of what the Ninth
9  Circuit holds on this particular issue, or would you
10 ever to do more research?
11      A.  Well, it seems to me that deliberate
12 indifference, whatever that means, is -- is a standard
13 that the Ninth has embraced.
14      Q.  Well, my question was with respect to this
15 statement that the Third Circuit has held, under Section
16 504, "discrimination need not be intentional in order to
17 be compensable."
18          And my question to you is:  Do you have any
19 understanding of what the Ninth Circuit's view on that
20 particular issue is?
21          MR. LEVIN:  Objection; asked and answered.
22          THE WITNESS:  Well, I repeat myself.  My
23 understanding is that deliberate indifference is a
24 standard that the Ninth that embraced.
25 BY MR. USHIRODA:

59

```
 1            THE WITNESS:  If I had my preparation for this
 2   deposition to do over again?
 3   BY MR. USHIRODA:
 4        Q.  No.  Just to render your opinions on the issue.
 5        A.  (No response.)
 6        Q.  Like is there something -- like some people
 7   say, you know, I wish I had this or this before I had
 8   written the report or I wish I had --
 9        A.  Oh, okay.  I get what you mean.  Something that
10   I didn't actually have.
11        Q.  Right, right.
12        A.  I don't even know what exists that I don't
13   have.  I only know what I have.
14        Q.  Okay.
15        A.  Sorry.  So the answer is no.
16        Q.  Okay.  Are you aware of -- sitting here today,
17   are you aware of any other reports or information that
18   if you review, might result in changing or modifying
19   your opinions?
20            MR. LEVIN:  Objection; relevance, calls for
21   speculation.
22            THE WITNESS:  Yes.
23   BY MR. USHIRODA:
24        Q.  What would that be?
25        A.  I would hope that were I to review pertinent
```

1  case law, I would have an opinion about the Ninth
2  Circuit and the deliberate indifferent standard more
3  specific and knowledgeable than I have today.
4     Q.  Okay.  And would this be with respect to your
5  opinions rendered in this case, as well as the two other
6  cases that we have?
7     A.  Not at all.  This is just in respect to you
8  bringing to my attention the fact that that's an area
9  where I'm not nearly as knowledgeable as I should be.
10    Q.  Okay.  Well, Doctor, if you do receive any
11 information or you do review any other information or
12 materials that causes you to change or modify or even
13 substantiate your opinions in ways that you could not
14 substantiate here today, will you advise Mr. Levin?
15    A.  I will, indeed.
16    Q.  And so that I can have at least the opportunity
17 to redepose you on those very issues; is that fair?
18    A.  I will, absolutely.
19        MR. USHIRODA:  With that, Doctor, I appreciate
20 your time.  And I'd like to conclude your deposition.
21        THE WITNESS:  Thank you.
22        MR. LEVIN:  Great.
23        MR. USHIRODA:  I appreciate your time, Doctor.
24 And I appreciate your patience.  And I know it got a
25 little heated at times, but please understand --

```
 1         REPORTER'S CERTIFICATION OF CERTIFIED COPY
 2
 3
 4
 5
 6
 7         I, JANE H. STULLER, CSR No. 7223, a Certified
 8   Shorthand Reporter in the State of California, certify
 9   that the foregoing pages _1_ through _167_, constitute a true
10   and correct copy of the original deposition of
11   _Barbara Bateman_, taken on _June 7_, 2008.
12         I declare under penalty of perjury under the
13   laws of the State of California that the foregoing is
14   true and correct.
15
16         Dated the _19th_ day of _June_, 2008.
17
18
19                    _____
                          JANE H. STULLER, CSR NO. 7223
20
21
22
23
24
25
```