IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK H. and RIE H.                )   CIVIL 00-00282 LEK-RLP
Individually and as Guardians )
Ad Litem of MICHELLE H. and   )
NATALIE H., minors,           )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
PATRICIA HAMAMOTO, in her     )
official capacity of          )
Superintendent of the Hawaii  )
Department o Education, State )
of Hawaii,                    )
                              )
          Defendants.         )
_____ )


ORDER (1) DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION AND/OR FOR CLARIFICATION RE: ORDER DENYING
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
(2) DENYING DEFENDANTS' REQUEST FOR CLARIFICATION REGARDING
ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

          Before the Court are (1) Plaintiffs Mark H. and

Rie H.'s, individually and as guardians ad litem of Michelle H.

and Natalie H. (collectively "Plaintiffs"), Motion for

Reconsideration and/or for Clarification Re: Order Denying

Plaintiffs' Motion for Partial Summary Judgment ("Plaintiffs'

Motion"), filed February 14, 2012, and (2) Defendants

Patricia Hamamoto, in her official capacity as Superintendent of

the Department of Education, and the State of Hawai`i Department

of Education's (collectively "Defendants" or "the DOE") Request

for Clarification Regarding Order Denying Plaintiffs' Motion for

Partial Summary Judgment ("Defendants' Motion"), filed on February 16, 2012.  Plaintiffs filed their memorandum in opposition on March 1, 2012, and Defendants filed their memorandum in opposition on March 2, 2012.  The parties filed their respective replies on March 19, 2012.  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, the supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY DENIES both motions.

<u>BACKGROUND</u>

The parties and the Court are familiar with the extensive factual and procedural background of this case.  The Court therefore will only discuss the background that is relevant to the instant motions.

Following the most recent remand from the Ninth Circuit, <u>Mark H. v. Hamamoto</u> ("<u>Mark H. #2</u>"), 620 F.3d 1090 (9th Cir. 2010), Plaintiffs filed a Motion for Partial Summary Judgment ("summary judgment motion") regarding liability for their claims under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Plaintiffs argued in their summary judgment motion that eight factual findings effectively resolved in Plaintiffs'

favor all issues of liability,[1] including deliberate indifference under the standard articulated by the Ninth Circuit in Mark H. #2.

In its January 31, 2012 Order ("Order"), the Court

---

[1] In a July 14, 2011 Order, Magistrate Judge Richard Puglisi ruled that the following eight facts are established under the doctrine of collateral estoppel ("factual findings"):

> 1.   From 1994 to 1998, the Hawaii DOE did not provide autism-specific services to the girls, although such services were available.
>
> 2.   The Hawaii DOE did not include autism-specific services in the girls' IEPs before 1999.
>
> 3.   Prior to the Administrative hearing, Michelle and Natalie had not received "such services as are necessary to permit the child[ren] to benefit" from their education.
>
> 4.   It was four years (1998) before the parents were given information about available mental health services.
>
> 5.   Services that were required were not made available nor included in the IEP.
>
> 6.   The unique needs of the girls were not included in the IEPs.
>
> 7.   Functional analyses were not done for Michelle and Natalie prior to the Administrative Hearing.
>
> 8.   During the relevant years of 1994-1998, the Hawaii DOE failed to provide Natalie or Michelle a reasonable accommodation that they needed to enjoy meaningful access to the benefits of a public education.

[Order Granting Plaintiffs' Motion to Preclude Relitigation of Factual Issues Adjudicated in Administrative Hearing, filed 7/12/11 (dkt. no. 520), at 2-3 (citations omitted).]

denied Plaintiff's summary judgment motion, concluding that:

> Although the question is a close one, the Court
> cannot say, drawing all justifiable inferences in
> favor of the non-moving party for purposes of
> summary judgment, that Plaintiffs have met their
> burden of demonstrating that there is no genuine
> issue of material fact that the DOE deliberately
> failed to act.  That is, the Court cannot
> determine, on the current record, whether the
> DOE's failure to act was merely negligent, or
> contained the required element of deliberateness.
> A reasonable jury, weighing the evidence at trial,
> could possibly find that the DOE was not
> deliberately indifferent.  See Button v. Bd. of
> Regents of Univ. & Cmty Coll. Sys. of Nev., No.
> 06-16231, 289 Fed. Appx. 964 (9th Cir. Aug. 14,
> 2008) ("It is not enough that the Board took some
> action—in Duvall the court made some effort to
> accommodate, but we held that a jury could find
> this effort both insufficient and deliberate.
> This inquiry is nuanced and fact-intensive —
> precisely the province of the jury."); Roe v.
> Nev., 621 F. Supp. 2d 1039, 1060 (D. Nev. 2007)
> ("Whether a local government entity has displayed
> a policy of deliberate indifference is generally a
> question for the jury." (quoting Oviatt By &
> Through Waugh v. Pearce, 954 F.2d 1470, 1478 (9th
> Cir. 1992))).

Mark H. v. Hamamoto, Civil No. 00-00282 LEK-RLP, 2012 WL 299679,

at *15 (D. Hawai'i Jan. 31, 2012).

## I.   Plaintiffs' Motion

Plaintiffs argue that they are entitled to summary

judgment because the DOE is liable for deliberate indifference as

a public entity based on its constructive knowledge.  [Mem. in

Supp. of Plaintiffs' Motion at 7.]  They argue that City of

Canton, Ohio v. Harris, 489 U.S. 378 (1989), Duvall v. County of

Kitsap, 260 F.3d 1124 (9th Cir. 2001), Lovell v. Chandler, 303

4

F.3d 1039 (9th Cir. 2002), and <u>Mark H. #2</u> support holding a
public entity liable for damages under the circumstances
presented here.

They also argue that they are entitled to summary
judgment because the DOE is liable on a *respondeat superior* basis
for the deliberate indifference of relevant DOE employees based
on knowledge imputed to those employees.  [<u>Id.</u> at 13.]
Plaintiffs state that:

> The DOE employees responsible for providing
> services to Michelle and Natalie had a duty to
> investigate, and they would have discovered
> through the exercise of reasonable diligence that
> Michelle and Natalie needed autism specific
> services, that those services were available as a
> reasonable accommodation, and that a failure to
> provide those services would violate their
> federally protected rights and subject them to the
> risk of serious harm.

[<u>Id.</u>]

Next, Plaintiffs assert that clarification of eight
issues is necessary in order to narrow and define the issues for
trial.  The requests for clarification relate to the substance of
how the Court will instruct the jury, and whether specific
evidence and testimony will be admissible at trial.  [<u>Id.</u> at 16-
25.]

A.   **Defendants' Opposition**

In their memorandum in opposition, Defendants argue
first that Plaintiffs have not met the standard for
reconsideration where their motion reiterates arguments

originally made in support of their summary judgment motion, and second, that Plaintiffs improperly seek rulings by the Court in the guise of "clarification," which are more appropriately addressed in Motions in Limine, settling of jury instructions, and formal briefing and argument to this Court.  [Mem. in Opp. to Plaintiffs' Motion at 1.]

As to their first argument, Defendants assert that Plaintiffs have merely reiterated arguments fully briefed and considered by this Court, and therefore, their motion fails to present any valid basis for reconsideration of the Order.  They argue that, to the extent Plaintiffs have argued that this Court did not expressly rule on portions of their arguments in support of the motion for summary judgment, "such argument is without merit, as this Court's findings and ruling in denying Summary Judgment subsumed all of Plaintiffs' arguments as presented in the [summary judgment motion] itself and the additional argument presented in the Reply."  [Id. at 6.]

Defendants further argue that Plaintiffs' Motion presents new legal theories that they failed to raise with respect to the underlying summary judgment motion.  Specifically, that deliberate indifference can be found with respect to whether the DOE or its employees adequately investigated whether autism-specific services could be provided to Michelle and Natalie.  They note that Mark H. #2 does not define the deliberate

6

indifference standard as being satisfied by way of constructive knowledge of what autism-specific services were a reasonable accommodation, or by imputing that constructive knowledge to all DOE employees. [Id. at 7-9.]

As to Plaintiffs' eight requests for clarification, Defendants disagree that any additional clarification is necessary. Further, they argue that such requests attempt to solicit separate rulings on issues that have not been properly presented and are more appropriately reserved for pre-trial motions and the settling of jury instructions. [Id. at 10-12.]

B.   **Plaintiffs' Reply**

In their reply, Plaintiffs maintain that their motion was brought to correct what they believe to be a clear error of law in order to prevent manifest injustice. [Reply to Plaintiffs' Motion at 1.] In response to Defendants' argument that they have raised new issues for the first time in their motion, Plaintiffs state that the issue of constructive knowledge imputed to individual DOE employees was raised during the briefing on the summary judgment motion. [Id. at 4-8.]

As to their eight requests for clarification, Plaintiffs maintain that they leave room for motions in limine and will not determine the precise language of any jury instruction. [Id. at 9-11.]

II.   **Defendants' Motion**

7

Defendants' Motion states that the Court's statement in the Order that "[t]he DOE acknowledges, that it utterly failed to provide for Michelle and Natalie's educational needs, to their and their parents' tragic detriment[,]" is "*obiter dictum*, unnecessary to the ruling set forth in the Order, yet potentially confusing to at least two issues still hotly disputed by the parties." [Mem. in Supp. of Defendants' Motion at 3 (footnote omitted).] Defendants state that they "seek clarification of the Court's dicta, as it could be misinterpreted as recognition of a judicial admission which Defendants have not made; a conclusion of the Court with respect to causation and damages which were not at issue in the underlying Motion; or both." [Id.]

With respect to causation and damages, Defendant argues that the Court's statement "could be misinterpreted as establishing, as a matter of law, that any failure by the Hawai'i DOE to provide autism-specific services to Michelle and Natalie was a proximate and legal cause of damages to Plaintiffs: legal issues that were neither briefed, nor argued before this Court." [Id. at 6.]

A. **Plaintiffs' Opposition**

In their opposition, Plaintiffs characterize Defendants' request for clarification as more akin to a request for reconsideration. They argue that the Court's statement is supported by the record before the Court, including the eight

factual findings.  [Mem. in Opp. to Defendants' Motion at 2-3.] Plaintiffs note that Defendants did not oppose Plaintiffs' Motion to Preclude Relitigation of Factual Issues Adjudicated in Administrative Hearing, which was granted by the magistrate judge and not appealed, and led to the entry of the eight factual findings.  [Id. at 3-4.]

With respect to causation and damages, Plaintiffs assert that there is no question that Michelle and Natalie were harmed by the failure to provide them with educational benefits, and further, there is "no way that the Court's statement reasonably can be interpreted to have decided more than that Michelle and Natalie did, in fact, suffer detriment as a result of Hawaii DOE's failure to provide for their educational needs[.]"  [Id. at 8.]  They note that the Court has not ruled on the extent of the harm, which is more appropriately an issue for trial, if liability is established.  [Id.]

**B.   Defendants' Reply**

In their reply, Defendants maintain that the Court's statement in the Order is unnecessary to the substantive rulings, and that they have never admitted that Defendants "did not provide the girls with any educational services or to attend to any of their educational needs."  [Reply to Defendants' Motion at 3.]  They argue that the Court's use of the term "utterly" might "be misunderstood as referring to a judicial admission by the

Defendants that there was a complete, absolute, and total failure

to provide any educational services to Michelle and Natalie."

[Id. at 4.]

## DISCUSSION

To the extent the parties ask the Court to reconsider

its Order, the Court treats both motions as brought pursuant to

Local Rule 60.1.[2]  "[A] successful motion for reconsideration

must accomplish two goals.  First, a motion for reconsideration

must demonstrate reasons why the court should reconsider its

prior decision.  Second, a motion for reconsideration must set

forth facts or law of a strongly convincing nature to induce the

court to reverse its prior decision."  Donaldson v. Liberty Mut.

Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v.

GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at

*1 (D. Hawai`i July 12, 2011) (citations omitted).

---

[2] Although Plaintiffs move pursuant to Fed. R. Civ. P. 59(e)
and Local Rule 60.1, Rule 59(e) applies to final judgments.  See
Balla v. Idaho State Bd. of Corr., 869 F.2d 461, 466-67 (9th Cir.
1989) ("Rule 59(e) clearly contemplates entry of judgment as a
predicate to any motion.").  The Court therefore proceeds only
under Local Rule 60.1 with respect to reconsideration.  As to the
requests for clarification, a district court has plenary power to
revise, modify, or rescind an interlocutory order prior to the
entry of final judgment.  "The Ninth Circuit has recognized the
rule that, 'as long as a district court has jurisdiction over the
case, then it possesses the inherent procedural power to
reconsider, rescind, or modify an interlocutory order for cause
seen by it to be sufficient.'"  White v. Sabatino, Civ. Nos.
04-00500 ACK/LEK, 05-00025 ACK/LEK, 2007 WL 2462634, at *3 (D.
Hawai`i Aug. 24, 2007) (quoting City of Los Angeles, Harbor
Division v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir.
2001)).

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Id. "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

**I.    Plaintiffs' Motion**

**A.    Reconsideration**

To the extent Plaintiffs seek a ruling on their arguments that the DOE is liable (1) as a public entity based on its constructive knowledge, or (2) on a *respondeat superior* basis for the deliberate indifference of relevant DOE employees based on knowledge imputed to those employees, it appears that at least portions of these arguments are subsumed within the Court's ruling that:

> To the extent Plaintiffs argue that they have established deliberate indifference under a theory of *respondeat superior* or City of Canton, the Court finds that those alternative theories do not

11

provide an adequate basis for the entry of summary
judgment in favor of Plaintiff.

Order, 2012 WL 299679, at *12.

The Court, however, takes this opportunity to clarify
that Plaintiffs have not met their burden on summary judgment
with respect to these specific arguments, as raised in
Plaintiffs' Motion.  That is, viewing the facts in the light most
favorable to the non-moving party, Plaintiffs have not
established that they are entitled to summary judgment on the
issue of whether Defendants were deliberately indifferent.  See
Wereb v. Maui Cnty., 727 F. Supp. 2d 898, 922 (D. Hawai'i 2010)
("Whether a local government has displayed a policy of deliberate
indifference to the constitutional rights of its citizens is
generally a jury question." (citation and quotation marks
omitted)).  Again, Plaintiffs have not established as a matter of
law, under any of their alternative theories of liability, the
requirements set forth in Mark H. #2:

> Hawaii DOE had knowledge that a harm to a
> federally protected right was substantially likely
> if Hawaii DOE knew that Michelle and Natalie
> needed accommodation of autism-specific services.
> See [Lovell v. Chandler, 303 F.3d 1039, 1056 (9th
> Cir. 2002)].  Hawaii DOE failed to act upon that
> likelihood if it failed to adequately investigate
> whether those autism-specific services were a
> reasonable accommodation.  See id.; Duvall, 260
> F.3d at 1139-40.  Thus, Hawaii DOE acted with
> deliberate indifference if it knew that Michelle
> and Natalie needed autism-specific services in
> order to enjoy meaningful access to the benefits
> of a public education and failed to investigate
> whether those services were available as a

12

reasonable accommodation.

Mark H. #2, 620 F.3d at 1099.

As to the first issue, the Court does not agree with Plaintiffs that they have conclusively established that the DOE can be held liable here for deliberate indifference as a public entity based on its constructive knowledge.  The Court does not read Mark H. #2 as providing for the imposition of liability here based on the DOE's constructive knowledge, "based on the sheer 'obviousness' of the systemic inadequacies in the face of _actual_ knowledge by 'relevant DOE employees'. . . ."  [Mem. in Supp. of Plaintiffs' Motion at 8 (emphasis in original).]  Plaintiffs' theory does not alter the Court's conclusion that whether Defendants adequately investigated whether autism-specific services were available presented a question of fact on the current record.  See Order, 2012 WL 299679, at *12 ("In opposition to the Motion, the DOE has set forth evidence that relevant employees considered Michelle and Natalie's individual needs, but there remains a question of fact regarding whether these employees sufficiently investigated what accommodations were reasonable.").  That is, Plaintiffs have not conclusively established the "actual knowledge" of "relevant DOE employees" sufficient to impute such knowledge to the DOE as a public entity, and have not established whether those same employees adequately investigated available accommodations.  The Court

13

declines to "reconsider its Order and grant partial summary judgment based on a determination that Hawaii DOE is liable for deliberate indifference because it had constructive knowledge *attributable to it as a collective entity*." [Mem. in Supp. of Plaintiffs' Motion at 12-13 (emphasis in original).]

Second, the Court previously rejected Plaintiffs' argument that they are entitled to summary judgment because the DOE is liable on a *respondeat superior* basis for the deliberate indifference of relevant DOE employees based on knowledge imputed to those employees.  In the Order, the Court stated as follows:

> The Court agrees with the DOE that the "knowledge" of the DOE is not imputed to the individual DOE employees who actually provided Michelle and Natalie with services.  Plaintiffs' allegations against the DOE itself are premised upon the acts and omissions of individual DOE employees, however, Plaintiffs' argument relies upon the knowledge of the "Hawai`i DOE" as a collective, rather than on the specific knowledge of individual DOE employees.  The DOE states that Plaintiffs' argument that the "Hawai`i DOE" as an entity "knew" that certain services were available as a reasonable accommodation ignores the basic fact that whatever the "Hawai`i DOE" - as employer may have known [-] no evidence has been submitted to establish that relevant DOE employees had this same knowledge.  [Mem. in Opp. at 5-6.]  The DOE notes that the knowledge of an individual employee may be imputed to the employer, [however] a public employer's knowledge is not imputed to its employees.  [Id. at 6 (citing Doe ex rel. Doe v. State of Hawai`i DOE, 351 F. Supp. 2d 998, 1013 n.31 (D. Hawai`i 2004)).]

Order, 2012 WL 299679, at *12.

Further, Plaintiffs' argument that the "DOE employees

responsible for providing services to Michelle and Natalie had a duty to investigate, and they would have discovered through the exercise of reasonable diligence that Michelle and Natalie needed autism services, [and] that those services were available as a reasonable accommodation," [Mem. in Supp. of Plaintiffs' Motion at 13,] does not establish, as a matter of fact or law, that Defendants were deliberately indifferent.  Rather, borrowing Plaintiffs' terms, what "they would have discovered through the exercise of reasonable diligence" and what constitutes "reasonable diligence" under the circumstances and based on the current record, appear to be questions of fact for the fact-finder to decide.  See, e.g., Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.3d 1422, 1430 (9th Cir. 1996) (holding that "whether the government's actions are 'reasonable' is often a jury issue").  The Court declines to "reconsider its Order and grant partial summary judgment based on a determination that Hawaii DOE is liable for the deliberate indifference of 'relevant DOE employees' who are charged with constructive notice that harm to Michelle and Natalie's federally protected rights was substantially likely." [Mem. in Supp. of Plaintiffs' Motion at 16.]

The Court CONCLUDES that Plaintiffs have not met their burden of demonstrating manifest errors of law or fact in the Order.  Plaintiffs' sincere disagreement with the Order is an

insufficient basis for reconsideration.  Accordingly, the Court

finds no error in its denial of Plaintiffs' summary judgment

motion.

### B.   Requests for Clarification

         To the extent Plaintiffs seek "clarification" of

various evidentiary and legal issues that are more appropriately

raised during pretrial motions or the settling of jury

instructions, the Court declines to provide more definite

statements of clarification at this time.  These matters have not

been properly or fully briefed by the parties, and are not

appropriate for a Court ruling at this time.  The Court agrees

that these important issues remain to be settled before trial,

and the Court will set an appropriate briefing schedule

accordingly.

         The Court declines Plaintiffs' requests for

reconsideration and clarification, and Plaintiffs' Motion is

HEREBY DENIED.

## II.  Defendants' Motion

         Defendants take issue with the Court's statement in the

Order that "[t]he record is clear, and the DOE acknowledges, that

it utterly failed to provide for Michelle and Natalie's

educational needs, to their and their parents' tragic detriment."

Order, 2012 WL 299679, at *12.  As a preliminary matter, the

Court observes that the record supports the crux of the Court's

16

statement in the Order.[3]

Next, the Court disagrees with Defendants' assertion that this statement "could be interpreted as referring to an admission by the Defendants that the Hawai`i DOE or its employees failed to provide the girls with <u>any</u> educational services or attend to <u>any</u> of their educational needs." [Mem. in Supp. of

---

[3] At the hearing on Plaintiffs' summary judgment motion, Defendants' counsel acknowledged that Michelle and Natalie did not receive the appropriate services from the DOE.

> So under 504, we typically and customarily look to what's going on in the trenches. Some children were receiving appropriate services. Obviously the plaintiffs acknowledge that, and we also acknowledge that Michelle and Natalie did not. There is, I don't think, any question at all about that, and I am not going to stand before you or a jury and say that they did receive the appropriate services, because they did not.

[12/20/11 Hrg. Trans., filed 12/29/11 (dkt. no. 544), at 12-13.]

Moreover, portions of the uncontested factual findings establish that:

> . . . .

> 3.   Prior to the Administrative hearing, Michelle and Natalie had not received "such services as are necessary to permit the child[ren] to benefit" from their education.

> . . . .

> 8.   During the relevant years of 1994-1998, the Hawaii DOE failed to provide Natalie or Michelle a reasonable accommodation that they needed to enjoy meaningful access to the benefits of a public education.

[Order Granting Plaintiffs' Motion to Preclude Relitigation of Factual Issues Adjudicated in Administrative Hearing, filed 7/14/11 (dkt. no. 520), at 2-3 (citations omitted).]

17

Defendants' Motion at 4 (emphases in original).]  Such a broad
reading of the Court's statement does not appear to be warranted
under the circumstances.  Notably, the issue presented by Mark H.
#2 is not whether the girls received any educational services.
See Mark H. #2, 620 F.3d at 1099 ("Thus, Hawaii DOE acted with
deliberate indifference if it knew that Michelle and Natalie
needed autism-specific services in order to enjoy meaningful
access to the benefits of a public education and failed to
investigate whether those services were available as a reasonable
accommodation.").

     To the extent Defendants argue that the Court's
statement "could be misunderstood as documenting a judicial
admission on the part of the Defendants which the Hawai'i DOE has
not made," [id. at 5,] the Court is not persuaded that
clarification is necessary.  In any event, any outstanding
evidentiary issues raised by the Order, including judicial
admissions, will be addressed at trial.

     Finally, to the extent Defendants urge the Court to
clarify the statement because it could be read as implying that
causation and/or damages have been established, the Court
declines to do so.  There is no doubt that Plaintiffs moved for
summary judgment as to liability – causation and damages were not
before the Court in Plaintiffs' summary judgment motion.  The
Court's statement can not be reasonably misunderstood as stating

a "legal conclusion that Defendants have admitted either or both causation and damages." [Mem. in Supp. of Defendants' Motion at 17.]  Accordingly, the Court declines Defendants' request for clarification, and Defendants' Motion is HEREBY DENIED.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration and/or for Clarification Re: Order Denying Plaintiffs' Motion for Partial Summary Judgment, filed February 14, 2012, is HEREBY DENIED.  Defendants' Request for Clarification Regarding Order Denying Plaintiffs' Motion for Partial Summary Judgment, filed on February 16, 2012, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK H., ET AL. V. PATRICIA HAMAMOTO, ET AL; CIVIL NO. 00-00282 LEK-RLP; ORDER (1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND/OR FOR CLARIFICATION RE: ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (2) DENYING DEFENDANTS' REQUEST FOR CLARIFICATION REGARDING ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**