IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARK H. and RIE H.            )    CIVIL 00-00282 LEK-RLP
Individually and as Guardians )
Ad Litem of MICHELLE H. and   )
NATALIE H., minors,           )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
PATRICIA HAMAMOTO, in her     )
official capacity of          )
Superintendent of the Hawaii  )
Department of Education,      )
State of Hawaii ,             )
                              )
          Defendants.         )
_____ )


**ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE
AND DEFENDANTS MOTION REGARDING JURY INSTRUCTIONS**

On July 16, 2012, Defendants Patricia Hamamoto, in her

official capacity, the Hawaii Department of Education ("DOE"),

and the State of Hawai`i (collectively "Defendants") filed three

motions in limine, [dkt. nos. 575, 576, 577,] and Plaintiffs

Mark H. and Rie H., individually and as Guardians Ad Litem of

Michelle H. and Natalie H., minors, filed five motions in limine

[dkt. nos. 580, 581, 582, 583, 584].  Also on July 16, 2012,

Plaintiffs filed their Omnibus Memorandum in Support of

Plaintiffs' Proposed Jury Instructions and Motions in Limine

("Omnibus Memorandum").  [Dkt. no. 579.]  In addition, Defendants

filed their Motion Regarding Proposed Jury Instructions ("Jury

Instructions Motion") on July 16, 2012.  [Dkt. no. 578.]

On July 31, 2012, Plaintiffs filed their memoranda in opposition to Defendants' motions in limine, [dkt. nos. 590-93,] as well as their memorandum in opposition to the Jury Instructions Motion [dkt. no. 589]. Also on July 31, 2012, Defendants filed their memoranda in opposition to Plaintiffs' motions in limine, [dkt. nos. 594-98,] as well as their response to Plaintiffs' Omnibus Memorandum [dkt. no. 593].

These matters came on for hearing on August 9, 2012. Appearing on behalf of Defendants were John-Anderson Meyer, Esq., and, by telephone, Kenneth Robbins, Esq. Appearing on behalf of Plaintiffs were Michael Livingston, Esq., and Stanley Levin, Esq. After careful consideration of the motions in limine, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY rules as follows:

1.  **Plaintiffs' Motion in Limine #1 to Preclude Hawaii DOE from Introducing Evidence or Arguing to the Jury that a Subjective Standard Applies to the Determination of Deliberate Indifference ("Plaintiffs' MIL #1"). [Dkt. no. 580.]**

Plaintiffs' MIL #1 is GRANTED IN PART, insofar as this Court rules that Defendants are precluded from presenting any evidence regarding individual DOE employees' "good faith" beliefs and testimony that the individual DOE employees had Michelle H.'s and Natalie H.'s (collectively "Students") best interests at heart. The Court DENIES Plaintiffs' MIL #1 in all other respects. The Court agrees that, in evaluating what the DOE did to investigate

2

whether there were services available for Students, the Court
must apply an objective standard.  The Court, however, FINDS that
evidence about the specific efforts the individual DOE employees
made and evidence about the teachers' basic background are
relevant to the objective inquiry.

Further, the Court notes that the portion of
Plaintiffs' MIL #1 asking the Court to adopt Plaintiffs' proposed
jury instruction on this issue is DENIED WITHOUT PREJUDICE.  When
the jury instructions are being settled, the Court will determine
whether the Court will or will not give Plaintiffs' proposed jury
instruction.

**2.   Plaintiffs' Motion in Limine #2 to Preclude Hawaii DOE from
       Introducing Evidence or Making Arguments to the Jury that
       Are Contrary to or Inconsistent with the Factual Findings
       that Have Been Conclusively Established in this Case
       ("Plaintiffs' MIL #2").  [Dkt. no. 581.]**

Plaintiffs' MIL #2 is GRANTED IN PART insofar as the
Court agrees that the eight factual findings identified in the
magistrate judge's Order Granting Plaintiffs' Motion to Preclude
Relitigation of Factual Issues Adjudicated in Administrative
Hearing, [filed 7/14/11 (dkt. no. 520),] have been affirmatively
proven and are established facts in the instant case.  To the
extent that Plaintiffs' MIL #2 seeks to preclude evidence or
argument as to the services, if any, that Defendants provided to
Plaintiffs, and the investigation, if any, that Defendants
undertook to determine what services were available as a

reasonable accommodation, Plaintiffs' MIL #2 is DENIED IN PART
insofar as such evidence is relevant to the issue of deliberate
indifference.

3.    **Plaintiffs' Motion in Limine No.3 to Preclude Evidence,
      Testimony, Argument, or Comment Related to the Excuse or
      Defense of Lack of Funds or Trained Personnel ("Plaintiffs'
      MIL #3").  [Dkt. no. 582.]**

        Plaintiffs' MIL #3 is GRANTED IN PART insofar as the
Court rules that the parties are precluded from presenting any
testimony or evidence regarding cost, lack of funding, budgetary
constraints, and/or shortage of trained personnel because such
testimony and evidence are not relevant.  Further, even if they
were relevant, they are more prejudicial than probative, and are
likely to create jury confusion.  See Fed. R. Evid. 403;
Alexander v. Choate, 469 U.S. 287, 300 (1985) ("[W]hile a grantee
need not be required to make 'fundamental' or 'substantial'
modifications to accommodate the handicapped, it may be required
to make 'reasonable' ones." (citations omitted)).  Plaintiffs'
MIL #3 is DENIED IN PART insofar as the nothing in this Court's
ruling on Plaintiffs' MIL #3 precludes Defendants' percipient
witnesses from testifying as to what they did during the relevant
time period and as to the reasons why they concluded that there
were no autism-specific services available for Students.

4

4.  **Plaintiffs' Motion in Limine No. 4 to Preclude Evidence, Testimony, Argument, or Comment Related to the "Good Faith," Generally Good Performance, and Character of Hawaii DOE Employees ("Plaintiffs' MIL #4"). [Dkt. no. 583.]**

Plaintiffs' MIL #4 is GRANTED IN PART because the Court has already ruled that the applicable standard for deliberate indifference is an objective standard. The Court reiterates that evidence regarding "good faith", good character, sincerity, and the like regarding <u>individual</u> DOE employees is irrelevant, and, even if it was relevant, it is more prejudicial than probative, and is likely to create jury confusion. The Court therefore CONCLUDES that Defendants are precluded from presenting such evidence. <u>See</u> Fed. R. Evid. 403. Plaintiffs' MIL #4 is DENIED IN PART insofar as the Court will permit evidence regarding the nature, extent and efforts made by Defendants through their employees, as described in this Court's ruling on Plaintiffs' MIL #1.

5.  **Plaintiffs' Motion in Limine No. 5 to Exclude Evidence, Testimony, Argument and Comment Concerning the Amount of Money Expended by the DOE ("Plaintiffs' MIL #5"). [Dkt. no. 584.]**

Plaintiffs' MIL #5 is GRANTED IN PART insofar as the Court rules that evidence and argument regarding the amount of money expended by the DOE or the State of Hawai`i for services for Students are not relevant to the issue of liability. Further, even if they were relevant, they are more prejudicial than probative, and are likely to create jury confusion. <u>See</u>

Rule 403.  Plaintiffs' MIL #5 is DENIED WITHOUT PREJUDICE as to the issue whether such evidence and argument is admissible as to damages.

**6.   Defendants' Motion in Limine No. 1 to Preclude Testimony Regarding Alleged Deficiencies in the Services Provided After the 1994 Through 1999 Time Period ("Defendants' MIL #1).  [Dkt. no. 575.]**

Defendants' MIL #1 is GRANTED.  The parties are precluded from presenting any evidence regarding educational services provided to Plaintiffs from 1999 to present as such evidence is not relevant.  Further, even if it was relevant, it is more prejudicial than probative, and is likely to create jury confusion.  See Rule 403.

**7.   Defendants' Motion in Limine No. 2 to Exclude Opinion Testimony Concerning Defendants' Alleged Deliberate Indifference ("Defendants' MIL #2").  [Dkt. no. 576.]**

Defendants' MIL #2 is GRANTED.  The parties are precluded from presenting any opinion testimony regarding whether or not Defendants were deliberately indifferent.  See United States v. Moran, 493 F.3d 1002, 1008 (9th Cir. 2007) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law" (citation and quotation marks omitted)).  The Court, however, clarifies that a party's expert may testify as to his or her factual opinions, even where the opinions embrace the ultimate issue.  See Fed. R. Evid. 704(a).  For example, assuming that the offering party lays the

proper foundation, the expert may testify as to what Defendants should have done and what would have been reasonable and expected of an educational agency.

**8.   Defendants' Motion in Limine No. 3 to Exclude Any Testimony by Plaintiffs' Expert Witnesses Regarding Opinions Not Disclosed in Their Reports or Depositions ("Defendants' MIL #3").  [Dkt. no. 577.]**

Defendants' MIL #3 is GRANTED.  The parties are precluded from presenting testimony from any expert witness regarding opinions that the party did not timely disclose in expert reports, deposition or as otherwise required by Fed. R. Civ. P. 26(a)(2).  The Court notes that Rule 26(a)(2)(E) requires the parties to supplement their expert disclosures pursuant to Rule 26(e).  The Court ORDERS the parties to meet and confer regarding a deadline for the disclosure of supplemental expert reports as to the issue of damages.

**9.   Defendants' Jury Instructions Motion.  [Dkt. no. 578.]**

Finally, Defendants' Jury Instructions Motion is HEREBY DENIED WITHOUT PREJUDICE.  The Court ORDERS the parties to revise their proposed special jury instructions in light of this Court's rulings on the motions in limine, and the Court ORDERS the parties to meet and confer to try to reach an agreement regarding joint proposed jury instructions.  The Court will schedule a status conference to discuss any proposed instructions that the parties are unable to agree upon.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 14, 2012.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK H, ET AL. V. PATRICIA HAMAMOTO, ETC., ET AL; CIVIL NO. 00-00282 LEK-RLP; ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE AND DEFENDANTS' MOTION REGARDING JURY INSTRUCTIONS**